UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MD GOLAM MOWLA,<br><br>                          Petitioner,<br><br>   v.<br><br>JEREMY CASEY, *et al.*,<br><br>                      Respondents. | Case No. 26-cv-00784-BAS-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); AND**<br><br>**(2) DENYING AS MOOT MOTION FOR INJUNCTIVE RELIEF (ECF No. 2)** |

      Petitioner MD Golam Mowla filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly denied a bond hearing. (ECF No. 1.) He requests that he either be released or granted a bond hearing within 7 days. (*Id.*) He simultaneously filed an *Ex Parte* Emergency Temporary Restraining Order ("TRO") with similar requests. (ECF No. 2.) The Court denied the *ex parte* TRO but instead indicated it would consider a Motion for Injunctive Relief under Rule 65(a). (ECF No. 3.) The Court ordered briefing on the Petition, providing notice to the parties that it intended to

consolidate the Motion for Injunctive Relief with a determination on the merits under Rule 65(a)(2). (*Id.*)

The Government filed a Response to the Petition, agreeing with Petitioner and acknowledging that "Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 5.) Petitioner filed a reply. (ECF No. 6.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as his previous parole. In light of this Order, the Court finds the request for a TRO (ECF No. 2) to be **MOOT**.

## I.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.     STATEMENT OF FACTS

Petitioner, who was born in Bangladesh, entered the United States on August 25, 2024, without inspection. (ECF No. 1 ¶ 1.) He was briefly detained and then released on parole. (*Id.*) As a condition of his parole, Petitioner was placed in Alternatives to Detention ("ATD") monitoring and was required to report to Immigration and Customs Enforcement ("ICE") regularly. (*Id.* ¶ 2.) He complied with all the terms of his release. (*Id.*) He has no criminal history. (*Id.* ¶ 4.)

On March 10, 2025, Petitioner was abruptly re-detained by ICE and told he is not eligible for a bond hearing under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA

2025). (*Id.*) Petitioner requests that he be released or granted a bond hearing before an Immigration Judge. (ECF No. 1.)

## III. ANALYSIS

The Central District of California has certified a class of which Petitioner is a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). This Court has previously held in multiple cases that it agrees with the Central District in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition. Because immigration authorities already assessed Petitioner for flight risk and danger to the community and found that it was appropriate to release him into the community under ADT monitoring, the Court finds a bond hearing is not necessary.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner MD Golam Mowla (A#221-159-645) be immediately released on the same conditions that he was previously released in August 2024.

The Court further **DENIES** the Motion for a Temporary Restraining Order (ECF No. 2) as **MOOT**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: February 24, 2026**

Hon. Cynthia Bashant, Chief Judge
United States District Court